UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Wartman; Leonard M. Johnson; Steven R. Mitchell; Barbara Hill, on behalf of themselves and all others similarly situated;

Plaintiffs,

v.

Solar Plastics Corporation, a Minnesota corporation, and John Does 1, 2, 3, and 4,

Defendants.

Civil File No. 00-890 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court upon Defendant Solar Plastics Corporation's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative Fed. R. Civ. P. 12(e). For the following reasons, the Court grants Defendant's Motion.

**BACKGROUND**

Plaintiffs Anthony Wartman, Leonard M. Johnson, Steven R. Mitchell, and Barbara Hill[1] are all employees of Defendant Solar Plastics Corporation. Plaintiffs claim that they, and others, have been defamed and discriminated against on the basis of disability, in violation of the Americans with Disabilities Act ("ADA"), and on the basis of age, in violation of the Age Discrimination Employment Act ("ADEA"). Defendant now moves

---

[1] In his Memorandum, Plaintiffs' counsel reveals that Ms. Hill has declined to be a part of this proposed class action lawsuit. (See Pls.' Mem. in Opp'n to Def.'s Mot. to Dismiss at 2.) She is accordingly dismissed from this lawsuit.

FILED NOV 03 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

to dismiss Plaintiffs' ADEA and defamation claims under Fed. R. Civ. P. 12(b) or for a more definite statement of the claims under Rule 12(e), arguing primarily that the Complaint fails to meet even Fed. R. Civ. P. 8(a)'s liberal pleading requirements. Defendant also seeks to have the John Doe Defendants specifically identified so that it may form a response to all allegations contained in the Complaint. For the following reasons, the Court grants Defendant's Motion.

**DISCUSSION**

For the purposes of Defendants' Motion to Dismiss, the Court takes all facts alleged in Plaintiffs' Complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiffs. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.; see Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

As noted by the Eighth Circuit, "[w]hile all pleadings are to be construed to do substantial justice, the pleading must at a minimum be sufficient to give the defendant notice of the claim." Tatum v. Iowa, 822 F.2d 808, 809 (8th Cir. 1987) (per curiam) (citations omitted); see also Fed. R. Civ. P. 8(a). In this case, the Court finds–without hesitation–that this liberal standard has not been met with respect to Plaintiffs' ADEA and defamation claims. The Complaint merely states that Plaintiffs allege "discrimination in employment

based on age" and "defamation in employment pursuant to Minnesota State claims because of the damage done to plaintiff's work history." (Compl. ¶ 2.) The bases for these claims are entirely unclear and Defendant is left to speculate how it might be subject to liability. Such manifest inadequacies dictate the dismissal of Counts II and III of the Complaint. The Court does, however, grant Plaintiffs leave to amend their Complaint in accordance with the Federal Rules of Civil Procedure.

Defendant also seeks to require Plaintiffs to identify John Does 1, 2, 3, and 4. The Court has been presented with no compelling reason why Plaintiffs should not provide the names of the known John Doe Defendants at this time. Accordingly, the Court orders Plaintiffs to specifically identify each individual defendant currently known to them. Should Plaintiffs become aware of other potential Defendants during the course of discovery, they may seek to amend the Complaint accordingly.

The Court is also aware that Defendant opposes certification of Plaintiffs' proposed class. As Plaintiffs have not yet brought a motion to certify a class in this case, the issue is not presently before the Court.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court grants Defendants' Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Clerk Doc. No. 3) is **GRANTED**;

2. Counts II and III of Plaintiff's Complaint (Clerk Doc. No. 1) are **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**;

3. Plaintiff Barbara Hill is **DISMISSED** from the Complaint; and

4. The Complaint shall be amended to specifically identify the John Doe Defendants.

Dated: November 3, 2000

Paul A. Magnuson
United States District Court Judge