UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Wartman,

Plaintiff,

v.

Solar Plastics Corporation, a Minnesota corporation,

Defendant.

Civ. File No. 00-890 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant Solar Plastics Corporation's Motion for Summary Judgment. For the reasons that follow, the Court grants Defendant's Motion.

**BACKGROUND**

This case involves allegations of disability and age discrimination by Plaintiff Anthony Wartman ("Wartman") against his former employer Solar Plastics Corporation ("Solar Plastics"). Wartman worked at Solar Plastics as a trimmer in the company's Minneapolis manufacturing plant for more than eleven years. During his employment, Wartman developed carpal tunnel syndrome in both wrists and had surgery to correct the condition. His physicians subsequently placed Wartman on permanent work restrictions for lifting and repetitive gripping or grasping with his hands. It is undisputed that the job Wartman performed at Solar Plastics required gripping and grasping that violated his work restrictions. Solar Plastics discovered these work restrictions and discussed the scope and permanency of the restrictions with Wartman's physician. The physician informed Solar

FILED OCT 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 15 2001
DEPUTY CLERK

Plastics that Wartman's work restrictions were permanent. Shortly thereafter, Solar Plastics fired Wartman.

Wartman filed a putative class-action Complaint, raising claims of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and defamation. The Court dismissed the Complaint in November 2000, but allowed Wartman leave to file an amended Complaint. After much delay, Wartman filed his Amended Complaint on February 8, 2001, raising allegations of violations of the ADA and ADEA. The Amended Complaint also purported to state class-action claims, but at a hearing in March 2001, the Court held that a class could not be maintained and Plaintiff would be allowed to prosecute this case only on his own behalf.

## DISCUSSION

### A. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure

the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enter. Bank, 92 F.3d at 747. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**A. Americans with Disabilities Act**

The ADA precludes employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). Discrimination claims under the ADA are analyzed under the three-step analytical framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-4 (1973). See Christopher v. Adam's Mark Hotels, 137 F.3d 1069, 1071-72 (8th Cir. 1998). The first prong requires the plaintiff to establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. If the plaintiff does so, the burden shifts to the defendant to proffer a legitimate non-discriminatory explanation for its conduct. Id. If the defendant meets this burden, the presumption of discrimination disappears, and the burden reverts to the plaintiff to establish that the defendant's proffered reason was a pretext for discrimination. Id. at 804.

In order to establish a prima facie case of discrimination, Wartman must demonstrate that: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job, with or without reasonable accommodation; and (3) he suffered from an adverse employment action because of his disability. See Christopher, 137 F.3d at 1072. Solar Plastics argues that Wartman has failed to meet his burden because he is not disabled within the meaning of the ADA.

To be deemed disabled, an individual must: (1) have a physical or mental impairment that substantially limits one or more of his major life activities; (2) have a record of such an impairment; or (3) be regarded as having such an impairment. 42 U.S.C. § 12102(2). Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); see also Bragdon v. Abbott, 524 U.S. 624, 638-39 (1998). The major life activity at issue here is that of working. To be substantially limited with respect to working, Wartman must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. § 1630.2(j)(3)(i).

Wartman argues that he is significantly restricted in his ability to perform "any job with highly repetitive assembly work." (Pl.'s Opp'n Mem. at 6.) He also argues that, because of his lack of education and age, the Court should presume he is disabled because

he can no longer perform his job at Solar Plastics.

Wartman has not met his burden to show that he is disabled within the meaning of the ADA. He is not precluded from performing any manufacturing job, but merely a job involving repetitive gripping. Moreover, although he is not highly educated, it is clear from the record that his work history does not support an inference that if he cannot work as a trimmer at Solar Plastics, he cannot work at all. He has proved himself to be an able employee in a varied work history. Thus, his situation is unlike that of the plaintiff in Smith v. Ketterman, 897 F. Supp. 423 (W.D. Mo. 1995), who had worked at her unskilled manufacturing job since the age of 18, and who had no transferrable skills.

Wartman discusses at length his allegation that disability discrimination should be inferred from the alleged fact that Solar Plastics targeted for lay off employees who had been injured on the job. Even assuming that layoffs after Wartman's termination could be evidence of that Solar Plastics acted discriminatorily when it terminated him, the allegation Wartman makes is of no moment unless the injured employees were disabled within the meaning of the ADA. There is no indication in the record that any laid-off employee was disabled. Thus, this evidence does not establish any disability discrimination. Wartman's claim under the ADA must be dismissed.

**B. ADEA**

To establish a prima facie case of age discrimination under the ADEA, Wartman must show that: (1) he is within a protected age group, (2) he met applicable job qualifications,

(3) despite these qualifications he was discharged, and (4) after the discharge the position remained open and Solar Plastics continued to seek applications from persons with similar qualifications. Williams v. Valentec Kisco, Inc., 964 F.2d 723, 726 (8th Cir. 1992) (quoting Dace v. ACF Indus., Inc., 722 F.2d 374, 377 (8th Cir. 1983)). If Wartman succeeds in showing that age was a motivating factor in Solar Plastic's decision to fire him, Solar Plastics may avoid liability only if it proves it would have made the same decision even if age had not played a role. See Price Waterhouse v. Hopkins, 490 U.S. 228, 244-45 (1989).

Wartman has failed to establish a prima facie case of age discrimination. Among other things, he has failed to show that after his termination Solar Plastics continued to seek persons with similar qualifications to fill Wartman's position. The evidence shows that Solar Plastics did not attempt to fill Wartman's position. In fact, the evidence demonstrates that, at the time of Wartman's termination, Solar Plastics was beginning a process of lay-offs that ended only when the Minneapolis manufacturing facility was closed.

However, even if Wartman could establish a prima facie case, he has failed to show that Solar Plastics' decision was motivated by discriminatory intent. Wartman claims that, because he was 59 years old at the time he was fired, the Court should infer that age discrimination played a role in his termination. Wartman also asserts that a younger individual with similar work restrictions was retrained and her restrictions were accommodated. This evidence, according to Wartman, establishes Solar Plastics' discriminatory motives.

This evidence does not support Wartman's claim of age discrimination. The Court cannot assume that age was a determining factor in Wartman's termination absent some evidence that this was the case. Moreover, the individual to whom Wartman compares himself had much less restrictive work restrictions than did Wartman, and was in fact more than 40 years old at the time of Wartman's termination. Wartman cannot show age discrimination by comparison to this individual.

The only other evidence Wartman puts forward in support of his age discrimination claim is a letter from an insurance company to Connie Graham, who is a "Qualified Rehabilitation Consultant." (Snyder Aff. Ex. H.) In that letter, the insurance company states that it cannot approve the retraining plan for Wartman filed by Ms. Graham in part because Wartman would not finish the training until age 62. (Id.)

Wartman does not explain who Ms. Graham is, or what connection she or the insurance company has to Solar Plastics. From other exhibits, it appears that Ms. Graham is an expert witness hired by Wartman to opine about the extent of his alleged disability. (See Snyder Aff. Ex. D.) There is no explanation as to why Ms. Graham wrote to an insurance company seeking retraining for Wartman. In any event, however, an insurance company's letter to Ms. Graham simply cannot establish discriminatory intent on the part of Solar Plastics. Wartman has put forward no evidence to show that Solar Plastics terminated him because of his age, and his ADEA claim must be dismissed.

## CONCLUSION

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court grants Defendant's Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Clerk Doc. No. 44) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 15, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: OCT 15 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion*. Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*